**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000552
28-JUN-2013
08:37 AM**

NO. CAAP-12-0000552

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


GENESIS AYSON, Petitioner-Appellant
v.
ADMINISTRATIVE DIRECTOR OF THE COURTS,
STATE OF HAWAI'I, Respondent-Appellee


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(Honolulu Division)
(CASE NO. 1DAA-12-0006)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Leonard, JJ.)

Petitioner-Appellant Genesis Ayson (Ayson) appeals from the Amended Judgment on Appeal (Amended Judgment) entered on May 17, 2012, by the District Court of the First Circuit (District Court).[1]  The District Court affirmed the administrative revocation of Ayson's driver's license by Respondent-Appellee Administrative Director of the Courts, State of Hawai'i (Director), acting through a hearing officer of the Administrative Driver's License Revocation Office (ADLRO).

On appeal, Ayson argues that: (1) due to alleged deficiencies in the sworn statement submitted by an Intoxilyzer supervisor, the ADLRO lacked jurisdiction to issue the administrative review decision to revoke Ayson's license; (2) the intoxicant control roadblock at which Ayson's vehicle was stopped

---

[1] The Honorable Lono J. Lee presided.

failed to comply with statutory requirements set forth in HRS §§ 291E-19 and 291E-20 (2007); and (3) the hearing officer violated Ayson's due process rights by denying his jurisdictional challenge and his pre-hearing requests for subpoenas duces tecum without explanation. We affirm.

I.

We resolve the arguments Ayson raises on appeal as follows:

1. Ayson's argument that the ADLRO lacked jurisdiction to revoke his license due to the alleged deficiencies in the sworn statement submitted by Intoxylizer supervisor Richard Staszyn of the Honolulu Police Department (Officer Staszyn) is without merit. Ayson argues that Officer Staszyn's sworn statement did not comply with HRS § 291E-36(a)(2)(C) (2007). However, Officer Staszyn's sworn statement was not materially or substantively different from the language of the sworn statement that the supreme court found was sufficient to satisfy the statutory requirements in Park v. Tanaka, 75 Hawai'i 271, 278-79, 859 P.2d 917, 921 (1993). Based on our review of the record, we also reject Ayson's contention that Officer Staszyn was not an appropriate person to submit a sworn statement under HRS § 291E-36(a)(2) (2007). We conclude that Officer Staszyn's sworn statement complied with the requirements of HRS § 291E-36(a)(2).[2]

2. Ayson contends that the intoxicant control roadblock at which his vehicle was stopped was not established and operated in compliance with HRS §§ 291E-19 and 291E-20. We disagree. We conclude that the roadblock which led to Ayson's

---

[2] Moreover, even if Ayson could establish that Officer Staszyn's sworn statement failed to comply with HRS § 291E-36(a)(2), he cites no authority for the proposition that compliance with HRS § 291E-36(a)(2) is necessary for the Director, acting through the ADLRO, to exercise jurisdiction over driver's license revocations. Indeed, the Hawai'i Supreme Court has held that a valid test result establishing an alcohol concentration of 0.08 or more or proper notice of the implied consent laws is not a jurisdictional prerequisite for a valid license revocation hearing. See Dunaway v. Admin. Dir. of the Courts, 108 Hawai'i 78, 84, 117 P.3d 109, 115 (2005); Freitas v. Admin. Dir. of the Courts, 108 Hawai'i 31, 46, 116 P.3d 673, 688 (2005).

arrest for operating a vehicle under the influence of an intoxicant complied with the requirements set forth in HRS §§ 291E-19 and 291E-20.

3.    We reject Ayson's claim that the hearing officer violated his due process rights.  As we have already concluded, the hearing officer properly denied Ayson's jurisdictional challenge.  The hearing officer also acted within her discretion in denying Ayson's pre-hearing requests for subpoenas duces tecum.  See Simmons v. Admin. Dir. of the Courts, 88 Hawai'i 55, 64-65, 961 P.2d 620, 629-30 (1998).[3/]  Ayson provides no support for his claim that his due process rights were violated by the hearing officer's failure to provide specific explanations for these denials, and we reject this claim.

II.

We affirm the May 17, 2012, Amended Judgment of the District Court.

DATED: Honolulu, Hawai'i, June 28, 2013.

On the briefs:

Richard L. Holcomb
for Petitioner-Appellant

Marissa H. I. Luning
Deputy Solicitor General
Department of the Attorney
    General

*Craig H. Nakamura*

Chief Judge

Associate Judge

Associate Judge

---

[3/] We also note that Ayson failed to renew his requests for subpoenas duces tecum at the first hearing.

3